■ HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY, INC., Plaintiff, v VILLAGE OF TARRYTOWN et al., Respondents, and SUN MYUNG MOON, Appellant.—In an action to declare certain real property situated in Westchester County and owned by the plaintiff corporation exempt from taxation under section 421 of the Real Property Tax Law, the nonparty witness appeals from an order of the Supreme Court, Westchester County, dated September 14, 1979, which, inter alia, directed him to appear for a deposition pursuant to a subpoena and notice of deposition served by defendant the Village of Tarrytown. Order affirmed, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. The deposition shall proceed at the place designated in the order under review at a time to be fixed in a written notice of not less than 10 days, to be given by the defendant village, or at such other time and place as the parties may agree. The principal issue at bar is whether "adequate special circumstances" are present so as to warrant the village in securing the testimony of appellant (a nonparty witness) at an examination before trial pursuant to CPLR 3101 (subd [a], par [4]). Such special circumstances are amply apparent in that appellant appears to have special knowledge with respect to the scope of profit-making activities conducted on one of the subject properties; the village requires such information to prepare fully for trial; appellant would not communicate with the village; and appellant is related to plaintiff in such a degree, as resident of one of the subject properties and as plaintiff's founder and "Spiritual Advisor", so as to warrant a finding of "hostility" to the village. Appellant's contentions with respect to the manner and mode in which service of process was effected under CPLR 3101 (subd [a], par [4]) and CPLR 308 (subd 2) are without merit. Accordingly, Special Term correctly directed appellant to appear to give testimony at an examination before trial to be scheduled by the village. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.